IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 1:26-cv-02789-RBJ

JANT MANUEL PEREZ CARPIO,

Petitioner,

v.

JUAN BALTAZAR, et al.,
in their official capacities,

Respondents.

---

**ORDER**

---

Before the Court is Jant Manuel Perez Carpio's ("petitioner") Petition for a Writ of Habeas Corpus ("Petition"). ECF No. 1. Petitioner seek an order declaring his current immigration detention unlawful and requiring respondents to release him immediately. *Id.* at 8. Respondents decline to submit an opposition brief. They further state that if the Court grants the Petition, the appropriate relief would be an order for a bond hearing or an order to release the petitioner. ECF No. 9.

For the reasons set forth below, the Court agrees that petitioner's mandatory detention is unlawful, and orders that respondents release him forthwith.

## I. Background

Petitioner is a citizen of Venezuela. He presented himself at the United States border at El Paso, Texas on or about December 20, 2023. He was issued a Notice to Appear charging him as removable under 8 U.S.C. § 1182(a)(6)(A)(i) and he was placed in removal proceedings under 8 U.S.C. § 1229(a). ECF No. 1 at 3. He was then released from custody and has lived in the Denver area for more than two and a half years. *Id.* He was issued employment authorization, a social security number authorized for work, and he has pending applications for asylum, withholding of removal, and protection under the Convention Against Torture. *Id.* at 4. He is the sole financial support for his daughter and his father. *Id.* On May 11, 2026, Mr. Perez Carpio was arrested at his home and is currently in immigration detention at the Denver Contract Detention Facility in Aurora, Colorado. *Id.* at 4-5.

On June 22, 2026, petitioner filed his habeas petition pursuant to 28 U.S.C. § 2241. ECF No. 1. Petitioner claims he is being unlawfully detained pursuant to a misapplication of 8 U.S.C. § 1225(b)(2)(A) which mandates detention pending removal proceedings. He argues that his detention should be governed by 8 U.S.C. § 1226(a) and that he should receive a bond hearing. In addition to his INA claim, he argues that his current detention violates his due process rights. *Id.* at 5. Petitioner asks the Court to declare that his detention is subject to § 1226(a), not § 1225(b), and order his release from custody. *Id.* at 8. Alternatively, he asks the Court to order respondents to hold a bond hearing. *Id.*

## II. Discussion

A district court may grant a writ of habeas corpus to any person who demonstrates that he is "in custody in violation of the Constitution or laws of the United States." 28 U.S.C. § 2241. The individual in custody bears the burden of proving that his detention is unlawful. *Walker v. Johnston*, 312 U.S. 275, 286 (1941). Section 2241 habeas proceedings are available as a forum for statutory and constitutional challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678 (2001). Where the dispute is fundamentally legal in nature, the court may decline to hold a hearing. 28 U.S.C. § 2243; *see, e.g.*, *Garcia Cortes v. Noem*, 1:25-cv-02677-CNS, 2025 WL 2652880, at *1 (D. Colo. Sept. 16, 2025). Here, neither party has requested a hearing, and the Court finds that no hearing is necessary.

The Court agrees with petitioner that his detention is controlled by § 1226(a) rather than § 1225(b). The proper relief here is release.

### A. Section 1226(a) vs. Section 1225(b)

The issue in this case is a familiar one: whether, as a noncitizen who has not been admitted or paroled into the United States, petitioner's detention during removal proceedings is governed by 8 U.S.C. § 1225(b)(2)(A) or 8 U.S.C. § 1226(a). The Tenth Circuit settled the intra-circuit split regarding the applicable statutory framework governing noncitizen detentions, like the petitioner in this case. *Santillan Quiroz v. Mullin,* __ F.4th __, 2026 WL 1876709 (10th Cir. June 30, 2026).

Consistent with the vast majority of §§1225/1226 decisions in this District, the court held that "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Quiroz,* 2026 WL 1876709 at *12.

Given this uncontradicted line of authority, the government's reliance on § 1225 is legally untenable. Mr. Perez Carpio resided in the United States before his arrest and detention. It follows that § 1226, and not § 1225, governs.

**B. Release is the appropriate remedy**

The Court now turns to the appropriate relief. "Federal district courts have broad equitable powers in ordering habeas relief." *Munoz Teran v. Bondi*, No. 25-cv-01218-KWR-SCY, 2026 WL 161527, at *6 (D.N.M. Jan. 21, 2026) (internal citation omitted). And in issuing a writ of habeas corpus, a federal court has the power and authority to dispose of habeas corpus matters "as law and justice require." 28 U.S.C. § 2243.

In some prior decisions, this Court has ordered that a noncitizen should receive a prompt bond hearing before an immigration judge. *See, e.g.*, *Vences Nuñez v. Baltazar*, No. 25-cv-04046-RBJ, ECF No. 10 (D. Colo. Jan. 16, 2026) (ordering a bond hearing); *accord Cervantes Arredondo,* ECF No. 21, at *8; *Velazquez de Leon,* ECF No. 19, at *8 (same). However, in this case, the Court concludes that release is the appropriate remedy. *See Tumba v. Francis*, 813 F. Supp. 3d 394, 406

(S.D.N.Y. 2025) (noting that the "typical remedy" for "unlawful executive detention" is "of course, release") (quoting *Munaf v. Green*, 533 U.S. 674, 693 (1973)).

Therefore, it is hereby ORDERED that:

1. The Petition, ECF No. 1, is GRANTED. Respondents SHALL release petitioner on his own recognizance within 48 hours of this Order.
2. Respondents MAY NOT impose additional release conditions other than those that petitioner was subject to prior to his current detention.
3. The parties WILL, within five (5) days of this Order, file a joint status report informing the Court of the status of petitioner's release.

It is SO ORDERED.[1]

Dated: August 3, 2026 BY THE COURT:



R. Brooke Jackson
Senior United States District Court Judge

[1] To the extent petitioner seeks attorneys' fees, he is directed to file a separate motion complying with the Federal Rules of Civil Procedure and the Local Rules.